**FRED STEVENS,** as Chapter 7 Trustee of the Estate
 of Joseph A. Brown
200 West 41st Street, 17th Floor
New York, NY 10036-7203
(212) 972-3000
fstevens@klestadt.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                  :
                                                       :      Chapter 7
JOSEPH A. BROWN,                                       :
                                                       :      Case No. 20-36251 (CGM)
                                    Debtor.            :
---------------------------------------------------------------x

## TRUSTEE'S STATUS REPORT

**TO THE HONORABLE CECELIA G. MORRIS,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens, the Chapter 7 Trustee (the "Trustee") for the estate of Joseph A. Brown (the "Debtor"), as and for his status report (this "Status Report") in the Debtor's case, respectfully sets forth and represents as follows:

### BACKGROUND

1.     On December 29, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), and I was appointed interim chapter 7 trustee of the Debtor's estate. I have since qualified and am serving as permanent trustee herein.

2.     On February 24, 2021, the Court entered an order authorizing the Trustee, creditor Heritage Financial Credit Union, f/k/a Hudson Heritage Federal Credit Union ("HFCU"), and the United States Trustee (the "UST"), to examine the Debtor regarding his financial affairs pursuant to Fed. R. Bankr. P. 2004 [Docket No. 20].

3. On May 27, 2021, the Trustee, the UST and HFCU conducted the examination of the Debtor remotely.

4. On July 2, 2021, the Trustee commenced an adversary proceeding against the Debtor seeking the denial of the Debtor's discharge [Adv. Pro. No. 21-09019 (CGM)] (the "Discharge Action").

5. In the Discharge Action, the Trustee cited numerous bases for the denial of the Debtor's discharge including:

- The failure to disclose ownership of real property at 144 Lucky Lake Drive, Rock Hill, New York 12775 on Schedule A;

- The failure to disclose ownership of a Movado wristwatch and other wristwatches on Schedule B, Question 12;

- The failure to disclose gambling losses in response to Question No. 15 on the Statement of Financial Affairs ("SoFA") or otherwise explain or disclose the use and dissipation of over $26,000 in cash withdrawn from ATM machines at various casinos in the sixteen months prior to the bankruptcy filing;

- The failure to disclose the transfer of a 2005 Meridian Yacht (the "Yacht") valued at approximately $175,000 within two years of the bankruptcy filing in response to Question No. 18 on the SoFA;

- The failure to disclose the existence of a storage unit and its contents in response to Question No. 22 on the SoFA;

- The production of materially false monthly income statements to the Trustee;

- The failure to produce those books, records and documents sought by the Trustee's subpoena issued pursuant to Bankruptcy Rule 2004 dated March 9, 2021; and

- The failure to produce those supplemental books, records and documents requested by the Trustee at the Debtor's Bankruptcy Rule 2004 examination that took place on May 27, 2021.

6. Upon the motion of the Trustee, this Court denied the Debtor's discharge by order and judgment dated October 5, 2021 [Discharge Action, Docket No. 12].

7. The Trustee is currently investigating an outstanding issue regarding the Debtor's pre-petition transfer of the Yacht, which the Trustee believes may constitute a recoverable fraudulent transfer. The Trustee intends to file an adversary proceeding seeking recovery of the Yacht or its value in the next thirty (30) days if a consensual resolution does not appear to be likely.

8. The Trustee continues to actively work to move this case forward and will continue to do so until all pending matters are resolved.

Dated: New York, New York
February 8, 2022

Respectfully submitted,

FRED STEVENS, Chapter 7 Trustee of the Estate of Joseph A. Brown

By: */s/ Fred Stevens*
Fred Stevens, as Trustee